### JAMES GREGORY ET AL. v. JAMES ORR.

1. EXECUTOR. *Guardian. Final settlement. Citation to minors.*

In proceedings for final settlement by an executor who is also guardian of the minor distributees, no guardian *ad litem* or citation for the minors is necessary under the Code of 1871. That code contains no provision that where a guardian is personally interested in the proceeding, the interest of the minors must be protected by the appointment of a guardian *ad litem.*

2. GUARDIAN AND WARD. *Informal settlements between.*

A guardian may acquit himself by an outside informal settlement with his ward. But the guardian who relies upon such a settlement must clearly show that he made a full disclosure of everything to the ward, and that the latter knew and understood that he was making a full, final settlement.

3. SAME. *Burden of proof.*

It is not enough that the ward could have obtained the requisite information by exercise of even ordinary care. It must be shown that it was laid before him and that he knew what he was doing, and the burden of showing this rests upon the guardian.

APPEAL from the Chancery Court of Adams County.

HON. RALPH NORTH, Chancellor.

The appellants, on the 15th of September, 1883, filed a petition in the Chancery Court of Adams County against the appellee,

alleging that they were the sole devisees of their deceased father and that said appellee probated their father's will and qualified as his executor in 1866, they then being respectively eight and five years of age. That when appellee filed his fourth annual account, in 1872, he asked that it be made a final account and that he be discharged. That no notice except publication in a newspaper was ever given of the application for final settlement, and no guardian *ad litem* for appellants appointed. Petition claims that the said settlement was void for the want of service of citation on petitioners and for want of guardian *ad litem*. At the same time appellants filed in said court another petition against appellee, alleging that they are now of full age, that said appellee, their guardian, had filed no account of his guardianship since July 30, 1874, and that he had filed no final account as such guardian. They pray citation against him that he might be required to show cause, etc. The appellee answered, admitting the facts set out in the petitions, but claims that since his wards arrived at age he had made a full and satisfactory settlement with them out of court. That at the time he made his final settlement as executor he was the testamentary guardian of appellants, and that no notice to the wards was required and no guardian *ad litem* necessary. It appears from the proof that appellants could have had full access to the guardian's books and papers, and that nothing was concealed from them if they had desired at any time an investigation. There was a decree discharging the appellee.

*J. S. Morris*, for the appellants.

The courts look always with suspicion and distrust upon such pretended settlements as this by guardians with their young wards recently of age. See *Meek & Thornton* v. *Perry & Wife*, 36 Miss. 249, and the numerous authorities, English and American, there quoted, and dissenting opinion of Handy, J., p. 265; 28 Miss. 740; 48 Miss. 255; 2 Pomeroy Eq. Jur., §§ 961, 962.

*J. S. Morris* also made an oral argument.

*J. E. Conner*, for the appellees.

1. A guardian *ad litem* could not have been appointed, because the minors had a guardian, and the minors should not have been

cited because no statute or rule of practice required it, besides, they could not have acted; no good would have been attained by it and courts do not encourage vain and useless proceedings. *Burruss* v. *Burruss*, 56 Miss. 92.

2. The case of *Sullivan* v. *Blackwell*, 6 Cush. 737, relied upon by complainants, is not conceived to be applicable. In that case the petitioner relied upon fraud, illegality, etc. It would have been clearly unjust to allow such a settlement to stand, because of the absence of perfect good faith, which must exist in all such statements. We do not conceive that the court in this case goes to the extent of deciding that all settlements between guardian and ward must be under the order of decree of the court in order to be binding and valid. It was not necessary to decide such a question. In this case there appears to have been the utmost fairness and good faith, and we submit that unless the judgment of the lower court is at variance with well-established principles, it ought not to be disturbed.

*Frank Johnston*, on the same side, filed an elaborate brief on the constitutionality of the act of the legislature, creating the Chancery Court of Adams County, and made an oral argument.

CHALMERS, J., delivered the opinion of the court.

The Code of 1881 had no provision like that contained in Art. 32, p. 431, of Code of 1857, that where a guardian was personally interested in the proceedings, the interests of his ward should be protected by a guardian *ad litem*. The final settlement as executor in this case in 1872 was, therefore, valid, though no guardian *ad litem* was appointed. It was not necessary to cite the minors. *Burruss* v. *Burruss*, 56 Miss. The accounting and settlement between the guardian and wards which took place out of court, and shortly after the latter had attained majority, does not, under the facts of this case, relieve the former from making a formal account and settlement now. It seems strongly intimated in the case of *Sullivan* v. *Blackwell*, 6 Cushman 737, that nothing save a full and formal settlement in court can acquit the guardian of liability as such, but we do not think that the court intended to go to

that extent, nor can such a doctrine be maintained. Outside and informal settlements between guardians and wards are, however, much disfavored by the law and jealously scrutinized by the courts. The guardian who relies upon them must clearly show that he made a full disclosure of everything to the ward, and that the latter knew and understood that he was making a full and final settlement. It is not enough' that the ward could have obtained the requisite information by the exertion even of ordinary care. It must be shown that it was laid before him, and that he knew what he was doing. It is not necessary to prove that the amount paid was actually the true amount due, but it is essential that the ward should have had laid before him all the important facts and figures and thereby allowed with his eyes open to decide whether he would accept the sum tendered him or not. The burden of showing that this was done and that the ward not only had opportunity to ascertain his rights, but understood that the settlement then being made was a final one rests upon the guardian. The meagre testimony in this case leaves it doubtful whether the wards were aware that they were making a final settlement, doubtful whether injustice was not actually done them, and certain that the books and papers showing the past and present condition of the estate were not really laid before them. The fact that these were accessible, if they had been demanded, was not enough. The wards should have been invited and offered opportunity to examine them fully.

*Decree reversed and cause remanded with directions that the guardian be compelled now to make a final settlement.*